IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TARA DAWN FINCHER                                                       PLAINTIFF

v.                                       NO. 15-5087

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                          DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Tara Dawn Fincher, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on February 21, 2012, alleging an inability to work since January 23, 2007, due to adult ADD, sacroiliac dysfunction, a herniated disc, sciatica, a fractured vertebrae, arthritis, bone spurs, Crohn's disease, anxiety, and depression.[1]  (Tr. 153).  For DIB purposes, Plaintiff maintained insured status through September 30, 2011.  (Tr. 9, 185, 191).  An administrative hearing was held on July 30, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 26-55).

---

[1] Plaintiff also filed an application for supplement security income (SSI) benefits on February 21, 2012.  Plaintiff was granted SSI benefits beginning January 1, 2012.  (Tr. 9).

1

By written decision dated November 7, 2013, the ALJ found that through her date last insured, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments prior to the expiration of her insured status: degenerative disc/joint disease, Crohn's disease and/or colitis/ileitis, anxiety, and depression. (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that prior to the expiration of her insured status, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found that prior to the expiration of her insured status, Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary and light work as defined in 20 CFR 404.1567(a)(b) except due to intestinal issues, she would need to work indoors. Further, she could not climb ladders, ropes or scaffolds, and she could only occasionally climb stairs and ramps, balance, stoop, kneel, crouch and crawl. She was limited to unskilled repetitive, predictable jobs where the work plan is managed and supervised by someone else. She could not work directly with the public, although it would not be necessary that she be away from the public, and she could work in the immediate vicinity of less than a dozen fellow employees. The staff of employees would be fairly predictable with predictable responsibilities.

(Tr. 13). With the help of a vocational expert, the ALJ determined that prior to the expiration of her insured status, Plaintiff could perform work as a mailroom sorter, an office helper, a fishing float assembler, a compact assembler, an addressing clerk, and a document preparer. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 13, 2015. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 10).

2

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.  Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in disregarding the opinion and findings of the primary treating physician, Dr. Donnell; 2) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 3) the ALJ erred in his analysis and credibility findings with regard to Plaintiff's subjective complaints of pain; and 4) the ALJ erred in finding Plaintiff retains the RFC to perform a limited range of light and sedentary work.[2]

---

[2] The Court has reordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

### A.     **Insured Status and Relevant Time Period:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on September 30, 2011. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of January 23, 2007, her alleged onset date of disability, through September 30, 2011, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B.     **Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 10). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 12). Such language demonstrates the ALJ

5

considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### C.    Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. In assessing Plaintiff's credibility, the ALJ noted that in March of 2012, six months after her insured status expired, Plaintiff indicated that she was able to take care of her four-year-old son; to take care of her personal needs, with the exception that she sometimes needed help putting on her pants, tying her shoes and getting out of the bathtub; to prepare simple meals; to perform light household chores; to drive; and to shop. Plaintiff also reported that she had friends come to her house to play games and to watch movies, and that her friends sometimes brought their

6

children to play with her son.  Plaintiff also reported that she attended Bible study, listened to music, read, and played board games with her family.

A review of the record also supports the ALJ's determination that prior to Plaintiff's date last insured, her alleged impairments were not disabling.  A review of the record reveals that in January of 2011, Plaintiff reported that she considered herself to be in very good health and that she was able to perform light exercise on a regular basis.  While Plaintiff did seek treatment for lower back pain and abdominal pain, for the time period in question, it appears these impairments responded well to treatment.  The record further supports the ALJ's determination that Plaintiff's alleged mental impairments were not disabling prior to the expiration of her insured status.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the time period in question.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

    **D.**    **ALJ's RFC Determination and Medical Opinions[3]:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual

---

[3] The Court has combined Plaintiff's first and fourth issues on appeal.

functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform light and sedentary work with limitations prior to the expiration of her insured status. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert,

8

whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

In determining Plaintiff's RFC, the ALJ also addressed the letter completed by Plaintiff's counsel but signed off on by Plaintiff's treating physician, Dr. Hugh Donnell. This letter sets forth Plaintiff's allegations that she was been limited in her activities due to back pain since 2007. (Tr. 1134-1135). The ALJ indicated that some weight was given to Dr. Donnell's opinion; however, the ALJ also noted that there is no medical evidence of treatment prior to October of 2010, and that the evidence for the time period in question failed to establish that Plaintiff was as limited as alleged prior to the expiration of her insured status. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### E.     Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that prior to the expiration of her insured status, Plaintiff's impairments did not preclude her from performing work as a mailroom sorter, an office helper, a fishing float assembler, a compact assembler, an addressing clerk, and a document preparer. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd day of May, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE